## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **CERTUSBANK, N.A. (INC.), assignee** | : | |
| **of the Federal Deposit Insurance** | : | |
| **Corporation, as Receiver for** | : | |
| **Atlantic Southern Bank** | : | |
| | : | |
| **Plaintiff,** | : | **No. 5:15-CV-143 (CAR)** |
| | : | |
| **v.** | : | |
| | : | |
| **THAXTON NOTE ACQUISITION,** | : | |
| **LLC; CCS DEVELOPMENT, INC.;** | : | |
| **GILLIARD TRUCKING, INC.; and** | : | |
| **KENNETH SAMS THAXTON,** | : | |
| **individually,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Certusbank, N.A. (Inc.), assignee of the Federal Deposit Insurance Corporation, as Receiver for Atlantic Southern Bank, initiated this action for breach of contract and attorneys' fees to collect amounts owing under a commercial loan agreement, the payment of which was guaranteed by three guaranty agreements. Currently before the Court is Plaintiffs' Motion for Summary Judgment. Defendants have responded, and Plaintiff filed a reply.  The Court has thoroughly considered the Motion, the relevant facts, and applicable law and, for the reasons explained below,

**DENIES** Plaintiff's Motion [Doc. 16] as premature, **without prejudice** to Plaintiff's right to re-file the Motion after engaging in discovery.

## LEGAL STANDARD

Summary judgment is proper if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1]  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitles it to a judgment as a matter of law.[2]  If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact.[3]

The Court must view the facts, and any reasonable inferences drawn from those facts, in the light most favorable to the party opposing the motion.[4]  "The inferences, however, must be supported by the record, and a genuine dispute of material fact requires more than 'some metaphysical doubt as to the material facts.'"[5]  In cases where

---

[1] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[2] *Catrett*, 477 U.S. at 323 (internal quotation marks omitted).
[3] *See* Fed. R. Civ. P. 56(e); *see also Catrett*, 477 U.S. at 324-26.
[4] *Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010); *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).
[5] *Logan v. Smith*, 439 F. App'x 798, 800 (11th Cir. 2011) (quoting *Penley*, 605 F.3d at 848).

opposing parties tell different versions of the same events, and one is "blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts."[6]  A disputed fact will preclude summary judgment only "if the dispute might affect the outcome of the suit under the governing law."[7] "The court many not resolve any material factual dispute, but must deny the motion and proceed to trial if it finds that such an issue exists."[8]

## BACKGROUND

Plaintiff filed this breach of contract action asserting Defendants defaulted on a commercial loan agreement and three guaranty agreements. On the same date the Court entered the Scheduling and Discovery Order in this case, Plaintiff filed the instant Motion for Summary Judgment. Defendants argue judgment at this stage is premature because the parties have engaged in no discovery, and genuine issues of material fact preclude summary judgment.

The record shows that on June 11, 2010, Plaintiff's predecessor-in-interest, Atlantic Southern Bank ("Atlantic"), and Defendant Thaxton Note Acquisition, LLC (TNA) executed a Commercial Loan Agreement whereby Atlantic loaned Defendant TNA $1,108,511.88. On the same date, Defendants CCS Development, Gilliard Trucking,

---

[6] *Pourmoghani-Esfahani v. Gee*, 625 F.2d 1313, 1315 (11th Cir. 2010) (per curiam) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

[7] *Id*. (internal quotation marks omitted).

[8] *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Inc., and Kenneth S. Thaxton individually signed personal guarantees guaranteeing payments of the amounts owed to Atlantic. On May 20, 2011, Atlantic failed and was closed by the FDIC as receiver. The FDIC then assigned the Loan Agreement and Guarantees to Plaintiff. Defendant TNA made payments to Atlantic and then to Plaintiff, as Atlantic's successor, until July of 2014. After July 9, 2014, no Defendant made any payment on the Loan Agreement or the Guarantees.

## DISCUSSION

Plaintiff contends Defendants are in default on the Loan Agreement and the Guarantees and owe Plaintiff $1,063,936.06 principal, $66,274.35 in interest, plus interest at 5.75% per annum (or $169.9342 per diem), plus attorney's fees and costs in pursuing this action. Defendants contest that they are in default under the Loan Agreement because the Agreement has a maturity date of June 11, 2025, and no provision for periodic payments. Moreover, Defendants seek an opportunity to engage in discovery to authenticate the loan documents and verify Plaintiff's computations. Thus, Defendants argue summary judgment at this stage in the proceedings is premature. The Court agrees.

Under Georgia law, "[t]o constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate."[9]  An action for

_____

[9] O.C.G.A. § 13-3-1.

4

breach of contract requires breach of a valid contract and resultant damages to the party who has the right to complain about the breach.[10]  To establish a prima facie right to judgment as a matter of law on these claims, Plaintiff may produce the Note and Guaranty Agreements and show that they were executed.[11]  Once the prima facie case has been made, Plaintiff is entitled to judgment as a matter of law unless Defendants can establish an affirmative defense.[12] If Defendants fail to establish any defense, liability is established, and Plaintiff need only prove the amount owed.[13]

Here, although Plaintiff has produced the Note, the Loan Agreement, and the Guaranty Agreements, and Defendants have admitted they were executed, Defendants seek an opportunity to engage in discovery to establish Plaintiff is the current holder of the loan documents. Moreover, Defendants dispute that they are in default and seek to verify Plaintiff's computations on the amounts owed. The Court will allow Defendants the opportunity to present such defenses after developing a full record.

The Federal Rules of Civil Procedure permit the filing of a motion for summary judgment at any time after the filing of the complaint.[14] Although discovery is always permitted and permissively expansive, a summary judgment motion may be properly considered at any stage where all of the relevant facts are within the control of the

---

[10] *Budget Rent-A-Car of Atlanta, Inv. v. Webb*, 220 Ga. App. 278, 279 (1996).
[11] *Jay Gleason Advertising Svc. v. Gleason*, 193 Ga. App. 445 (1989); *Shropshire v. Alostar Bank of Commerce*, 314 Ga. App. 310, 315 (2012).
[12] *Kelly v. Pierce Roofing Co.*, 220 Ga. App. 391, 392-93 (1996).
[13] *First Nat'l Bank of Dalton v. Damil, Inc.*, 171 Ga. App. 237, 238 (1984).
[14] Fed. R. Civ. P. 56(b).

parties, and the record on the subject is fully developed.[15] At the same time, with the non-movant's explicit burden in mind, this Circuit has held that "summary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition."[16] Indeed, the Circuit has noted that "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery."[17]

Here, the parties have engaged in no discovery, and Defendants have had no opportunity to develop its case or to verify Plaintiff's computations. Allowing Defendants to engage in discovery and develop their case is reasonable. Thus, the Court finds Plaintiff's Motion for Summary Judgment is premature, and Plaintiff may re-file it after the close of discovery.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment [Doc. 16] is **DENIED without prejudice**.  The parties are hereby **DIRECTED** to submit a revised Scheduling and Discovery Order within fourteen (14) days of the date of this Order.

---

[15] *See WSB-TV v. Lee*, 842 F.2d 1266, 1269-70 (11th Cir. 1988); *see also* Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding *any* nonprivileged matter that is relevant to any party's claim or defense[.]").
[16] *Smith v. Florida Dep't of Corr.*, 713 F.3d 1059, 1064 (11th Cir. 2013) (citing *Anderson v. Liberty-Lobby, Inc.*, 477 U.S. 242, 250 n. 5, (1986)); *see also WSB-TV*, 842 F.2d at 1269 (finding the "common denominator" of the Supreme Court's jurisprudence on summary judgment is "that [it] may only be decided upon an adequate record.").
[17] *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988).

**SO ORDERED,** this 29th day of January 2016.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH