IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RREF II CER CO ACQUISITIONS, LLC, | : : : | |
| Plaintiff, | : | No. 5:15-CV-143 (CAR) |
| | : | |
| v. | : : | |
| THAXTON NOTE ACQUISITION, LLC; CCS DEVELOPMENT, INC.; GILLIARD TRUCKING, INC.; and KENNETH SAMS THAXTON, individually, | : : : : : : | |
| Defendants. | : | |
| _____ | : | |

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

In this breach of contract action, Plaintiff RREF II CER CO Acquisitions, LLC,

seeks to collect amounts owing under a commercial loan agreement, the payment of

which was guaranteed by three guaranty agreements. Currently before the Court is

Plaintiff's Motion for Summary Judgment. Defendants have responded, and Plaintiff

filed a reply.  The Court has thoroughly considered the Motion, the relevant facts, and

applicable law and, for the reasons explained below, **GRANTS** Plaintiff's Motion [Doc.

27].

## LEGAL STANDARD

Summary judgment is proper if the movant "shows that there is no genuine

1

dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1]   The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitles it to a judgment as a matter of law.[2]  If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact.[3]

The Court must view the facts, and any reasonable inferences drawn from those facts, in the light most favorable to the party opposing the motion.[4]  "The inferences, however, must be supported by the record, and a genuine dispute of material fact requires more than 'some metaphysical doubt as to the material facts.'"[5]  In cases where opposing parties tell different versions of the same events, and one is "blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts."[6]  A disputed fact will preclude summary judgment

---

[1] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[2] *Catrett*, 477 U.S. at 323 (internal quotation marks omitted).

[3] *See* Fed. R. Civ. P. 56(e); *see also Catrett*, 477 U.S. at 324-26.

[4] *Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010); *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

[5] *Logan v. Smith*, 439 F. App'x 798, 800 (11th Cir. 2011) (quoting *Penley*, 605 F.3d at 848).

[6] *Pourmoghani-Esfahani v. Gee*, 625 F.2d 1313, 1315 (11th Cir. 2010) (per curiam) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

only "if the dispute might affect the outcome of the suit under the governing law."[7]

"The court may not resolve any material factual dispute, but must deny the motion and proceed to trial if it finds that such an issue exists."[8]

## BACKGROUND

On June 11, 2010, Plaintiff's predecessor-in-interest, Atlantic Southern Bank ("Atlantic"), and Defendant Thaxton Note Acquisition, LLC (TNA) executed a Commercial Loan Agreement ("Loan Agreement") [Ex. B, Patel Aff. Doc. 25-2] and Promissory Note ("Note") [Ex. F, Patel Aff., Doc. 25-6] whereby Atlantic loaned Defendant TNA $1,108,511.88. On the same date, Defendants CCS Development, Gilliard Trucking, Inc., and Kenneth S. Thaxton individually signed personal guarantees guaranteeing payments of the amounts owed to Atlantic ("Guarantees") [Exs. C, D, E, Patel Aff., Docs. 25-3, 25-4, 25-5]. On May 20, 2011, Atlantic failed and was closed by the FDIC as receiver. The FDIC then assigned the Loan Agreement, the Note and the Guarantees (collectively, the "Loan Documents") to CertusBank N.A. ("CertusBank") [Ex. A, Patel Aff., Doc. 25-1], who subsequently assigned the Loan Documents to Plaintiff [Doc. 26-1].

Defendant TNA made payments to Atlantic and then to CertusBank, as Atlantic's successor, until July of 2014. After July 9, 2014, no Defendant made any

---

[7] *Id*. (internal quotation marks omitted).

[8] *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

payment pursuant to the Loan Documents. CertusBank initiated this breach of contract action pursuant to the Court's diversity jurisdiction, and Plaintiff was substituted as the proper party after CertusBank assigned the Loan Documents to Plaintiff.

## DISCUSSION

Plaintiff contends Defendants are in default under the Loan Documents and owe Plaintiff the principal, interest, plus interest at 5.75% per annum (or $169.9342 per diem), plus attorney's fees and costs in pursuing this action. Defendants do not contest they are in default under the Loan Documents. Instead, Defendants contend summary judgment is inappropriate because the parties are not diverse, and therefore this Court lacks jurisdiction. The Court disagrees.

In the Complaint, Plaintiff states it is a corporation organized under the laws of the State of South Carolina, with its principal office located at 2400 Redford Road, Suite 100, Charlotte, North Carolina 28211, and all Defendants are either corporate or natural citizens of the State of Georgia. Thus, Plaintiff has alleged complete diversity between the parties. Indeed, in their Answers, Defendants conceded jurisdiction and venue are proper in this Court based on diversity jurisdiction. Now, Defendants contest Plaintiff's citizenship citing to news reports that Plaintiff is withdrawing its office from North Carolina. Even if these "news reports" could establish Plaintiff's principal place of business has changed, it is of no consequence. "It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action

4

brought.'"[9] All evidence shows at the time this action was filed Plaintiff had its principal place of business in North Carolina. Post-filing changes of a corporation's citizenship does not destroy diversity between the parties.  Because "all challenges to subject matter jurisdiction premised upon diversity of citizenship" are judged "against the state of the facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal"—Plaintiff's arguments are without merit.

Having established jurisdiction, the Court now turns to the merits of Plaintiff's breach of contract claims. Under Georgia law, "[t]o constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate."[10]  An action for breach of contract requires breach of a valid contract and resultant damages to the party who has the right to complain about the breach.[11]  To establish a prima facie right to judgment as a matter of law on these claims, Plaintiff may produce the Loan Documents and show that they were executed.[12]  Once the prima facie case has been made, Plaintiff is entitled to judgment as a matter of law unless

---

[9] *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004); *see also PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) ("Again, diversity jurisdiction is determined at the time of filing the complaint[.]") (citation omitted).

[10] O.C.G.A. § 13-3-1.

[11] *Budget Rent-A-Car of Atlanta, Inv. v. Webb*, 220 Ga. App. 278, 279 (1996).

[12] *Jay Gleason Advertising Svc. v. Gleason*, 193 Ga. App. 445 (1989); *Shropshire v. Alostar Bank of Commerce*, 314 Ga. App. 310, 315 (2012).

Defendants can establish an affirmative defense.[13] If Defendants fail to establish any defense, liability is established, and Plaintiff need only prove the amount owed.[14]

Here, Plaintiff has clearly established its entitlement to summary judgment. Plaintiff has produced the Note, the Loan Agreement, and the Guarantee Agreements, and Defendants have admitted they were executed. Plaintiff has established it is the current holder of the Note and the Guarantee Agreements, and Defendants do not contest they failed to meet their obligations under such contracts. The defenses Defendants raised in their Answers fail to defeat summary judgment. Thus, Plaintiff is entitled to judgment as a matter of law on its claims for breach of the Loan Documents.

**Attorney's Fees Pursuant to O.C.G.A. § 13-1-11**

Plaintiff also brings a claim for attorneys' fees pursuant to O.C.G.A. § 13-1-11. Because Plaintiff has satisfied the requirements of O.C.G.A. § 13-1-11, it is entitled to attorneys' fees.  O.C.G.A. § 13-1-11 provides that "[o]bligations to pay attorney's fees upon any note . . . shall be valid and enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity."[15] Here, the Loan Documents include an obligation to pay attorney's fees. Moreover, Plaintiff has hired counsel to collect the debt, and Plaintiff's counsel sought to collect the debt after the Note matured.

---

[13] *Kelly v. Pierce Roofing Co.*, 220 Ga. App. 391, 392-93 (1996).
[14] *First Nat'l Bank of Dalton v. Damil, Inc.*, 171 Ga. App. 237, 238 (1984).
[15] O.C.G.A. § 13-1-11(a).

The statute also requires that the holder of the note notify the debtor that the attorney's fees provision will be enforced and that the debtor has ten (10) days from the receipt of such notice to pay the principle and interest without the attorney's fees.[16] Here, Plaintiff properly notified Defendants of its intention to collect attorneys' fees, and Defendants failed to pay the amounts owing within the ten (10) days.  Thus, pursuant to the terms of the Loan Documents, Plaintiff is entitled to recover attorneys' fees amounting to fifteen percent (15%) of the principal plus accrued interest in connection with collecting the amounts owing under the Loan Documents.

## CONCLUSION

In sum, Plaintiff's Motion for Summary Judgment [Doc. 27] is **GRANTED**. Plaintiff is hereby **DIRECTED** to submit a proposed judgment within seven (7) days of the date of this Order addressing the amount due on the Note and the amount of attorneys' fees due.

**SO ORDERED,** this 23rd day of February 2017.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[16] O.C.G.A. § 13-1-11(a)(3).

7